## COOK vs. THE CITY OF MILWAUKEE.

*Liability of city for condition of highways therein.*

1. The mere fact that in consequence of the permitted pumping of water upon a city street by a fire engine, ice formed upon the street and sidewalk, and that plaintiff was injured by slipping thereon, would not render the city liable, it not appearing that the engine was not being used for a lawful purpose.
2. The fact that a stone leading across a gutter from the sidewalk into the street had an inclination of about one inch in a foot, and that the sidewalk had an inclination of six inches in the two feet immediately adjacent to such stone, does not show any such defect in the street as would render the city liable for an injury alleged to have resulted in part from that fact.

APPEAL from the Circuit Court for *Milwaukee* County.

For a statement of the substance of the original complaint in this action, reference is made to the report of the former appeal therein, 24 Wis. 270–275. After the cause was remitted to the circuit, an amended complaint was filed, the chief additional allegations of which will sufficiently appear from the opinion, *infra.* A demurrer to this complaint for

insufficiency of facts, was overruled; and defendant appealed.

*E. G. Ryan,* City Attorney, for appellant.

*Jenkins & Elliott,* for respondent.

COLE, J.    We do not think that the case presented in the amended complaint is essentially different from the one stated in the original complaint.    There is, to be sure, a great deal of amplification in the statements of the amended complaint, but there is really nothing which takes the case out of the rule of the former decision in 24 Wis. 270.    It is alleged that the flat stone at the south end of the crosswalk, and which extended over the gutter to Mason street, was placed in such a manner that the south end was about eight inches higher than the north end.    This stone was about eight feet long from north to south, and it would seem to be a very strict rule to hold that such a mode of laying it across the gutter constituted a defect in the walk.    It is quite impracticable, in a city like Milwaukee, to bring all streets and walks to a dead level, and therefore such a slight ascent as an inch to a foot in a crosswalk will from necessity sometimes have to exist.    It is true, it is likewise averred that the adjoining sidewalk ascends from the south end of the stone about six inches in two feet, and is that much above the established grade.    But it would be establishing a rule quite too strict to say that such an ascent in the sidewalk constituted a defect.    For, as we have already said, it is practically impossible so to construct walks that there will be no inequalities in the surface.    And the same remark applies to the covering of the gutter along Mason street, which, it is alleged, is so placed as to leave the upper surface thereof about three inches lower than the surface of the pavement on either side.

Another fact stated in the complaint to show negligence on the part of the city, is the allegation

Cook vs. The City of Milwaukee.

that it permitted divers persons, by the use of one of its steam fire engines, to pump water from the river at the westerly end of Mason street, in such quantities that it could not be carried off by the gutters at that place, but the same was forced along and ran over the covering of the gutters and upon the snow previously trodden down and packed upon the flat stone, so that it became frozen, forming ice on the stone of like size and form as the surface thereof. Now, as we understand this averment, it is only stating what in substance was set forth in the original complaint, "that the walk over the stone was slippery because of the smooth surface of the snow and ice which had accumulated upon it." And while, indeed, it is alleged that this large quantity of water was pumped upon the street at or near the place where the plaintiff was injured, yet the complaint fails to show that this was unnecessary, or that it was done by any improper use of the fire engine. For aught that appears, this act of pumping and forcing water from the river along the street at that time might have been highly prudent and necessary, either for the purpose of putting out fires or for filling cisterns belonging to the city. And if the walk and street became slippery in consequence of water being pumped upon them while the fire engine was being used for a proper purpose, in a lawful manner, this condition would not constitute a defect or insufficiency for which the city would be liable. For it is very obvious that fire engines cannot be used in this latitude in cold weather without causing more or less ice to be formed where they are used. No care or skill can prevent this result; and if, as a consequence, the walks and streets become slippery and dangerous, travelers must take corresponding precautions to avoid injury.

It seems to me that the questions arising upon this demurrer were all substantially disposed of when the

case was before us on the former appeal, and that no further remarks are necessary.

*By the Court.*—The order of the circuit court overruling the demurrer is reversed, and the cause remanded for further proceedings.