DAPPER, Respondent, vs. CITY OF MILWAUKEE, Appellant.

*April 28 — May 15, 1900.*

*Municipal corporations: Injuries from defective sidewalk: Ice and snow: Proximate cause.*

1. In the absence of structural defects which combine with the action of the elements in causing accumulations of ice and snow on a sidewalk, the condition of a sidewalk crossing an alley, which has become uneven by falling snow and the melting and freezing of the same while used by persons and teams, does not constitute an actionable defect.
2. Recovery cannot be had against a city for personal injuries happening through a fall on an icy sidewalk, where the plaintiff's evidence leaves the cause of the fall open to mere conjecture.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Reversed.*

*Carl Runge*, city attorney, and *C. H. Hamilton*, of counsel, for the appellant.

For the respondent there was a brief by *O'Connor, Hammel & Schmitz*, and oral argument by *A. J. Schmitz*.

CASSODAY, C. J. This action is to recover damages for personal injuries sustained by the plaintiff about 9 o'clock in the forenoon of February 14, 1897, while on her way to church, traveling north on the sidewalk on the west side of Hanover street in Milwaukee, and while crossing a public alley, when she slipped and fell, and broke her left wrist, and otherwise injured herself. Issue being joined and trial had, the jury returned a special verdict, to the effect (1) that the plaintiff was injured by falling on the crossing of an alley on the west side of Hanover street, between Mineral and Washington streets, in Milwaukee, February 14, 1897; (2) that the ice and snow had accumulated or remained on the crossing at the place of the accident at the time of its occurrence in such a level, rounded, or uneven condition as

to constitute an obstruction or defect in the sidewalk, so as to render it unsafe and dangerous for persons using ordinary care to walk over the same; (3) and the same had continued in such condition for a week or more; (4) and such condition of the crossing was the proximate cause of the injury; (5) and such defective condition of such crossing had existed for so long a time prior to the injury that the defendant, through its officers and agents, in the exercise of ordinary care ought to have known of such defect, and could have remedied the same; (10) that the plaintiff was not guilty of a want of ordinary care which proximately contributed to the injury; (11) that the plaintiff was entitled to recover, and they assessed her damages at $600. From the judgment entered thereon for that amount and costs, the defendant brings this appeal.

The important question presented is whether the second and fourth findings of the jury are sustained by the evidence; in other words, Should the nonsuit have been granted, or a verdict directed in favor of the defendant, on the ground that the evidence failed to disclose any actionable defect in the sidewalk or negligence in the city? The testimony of the plaintiff is to the effect that she was seventy-one years of age at the time of the trial,— twenty-two months after the accident; that while walking very slowly and carefully to church, as stated, upon the wooden sidewalk across the alley, she "slipped and fell down backward," and broke her arm; that the ice and snow on that crosswalk were rough and uneven and slippery. A summary of the other testimony on the part of the plaintiff, as given by her attorneys, is to the effect that at the time and place where she fell the sidewalk crossing the alley was covered all over with lumpy, ridgy, rough, and uneven ice; that the ridges extending north and south on the crossing were from an inch to an inch and a half or two inches high, and three or four feet long; that the lumps were from one and a half to three inches

high; that the alley west of the crosswalk was higher than the walk and lower than the sidewalk, extending both north and south from the alley crosswalk; that the lumpy, ridgy, and uneven condition of the ice and crosswalk had existed for from three days to a week or more prior to the accident; that the planks of the crosswalk were decayed, and were in places entirely worn away, and that the crosswalk was lower than the surface surrounding it; that water would accumulate thereon during rainy seasons of the year, and when snow and ice would melt in the alley west of the walk and ground surrounding it; that when persons stepped on the rotten planks in passing over the same, or teams and wagons passed over the same, it would cause the water to squirt up from under and the side of the planks, and if the temperature was sufficiently low would cause ice to freeze on the crosswalk, in ridges and lumps, such as were on the crossing at the time of the accident; that such rough, uneven, ridgy, and lumpy ice was also formed by water oozing up from the ground under the planks of the crosswalk, between the rotten planks of the walk and through places where the planks were rotten and had worn away; that from January 17 until February 14, 1897, seventeen inches of snow fell; that February 15, 1897, there was on the ground only four tenths of an inch of snow; that from February 1 to 7, 1897, the temperature was never during any hour of these days less than 31° nor more than 39° Fahrenheit; that from February 7 until 13, 1897, the temperature was never higher than 33° nor lower than 17° Fahrenheit, it having reached the highest point February 12, 1897; that February 13, 1897, from 12 o'clock noon to 3 o'clock p. m., the temperature rose from 33° to 41° Fahrenheit, and from that time on it fell until it was at freezing point at 1 o'clock a. m., February 14, 1897.

We are all convinced that such evidence is insufficient to support the finding that the snow and ice at the time and

Dapper vs. City of Milwaukee.

place of the accident had accumulated in such a manner as to constitute an obstruction or defect in the sidewalk, so as to render it unsafe and dangerous for persons using ordinary care to walk over the same, and especially is such evidence insufficient to support the finding that such condition of the crossing was the proximate cause of the plaintiff's injury. The facts bring the case squarely within the ruling of this court in *Hyer v. Janesville*, 101 Wis. 371. The most that the evidence shows is that the walk had thus become uneven by the falling of snow and the freezing and melting of the same while being used by persons walking over the alley and teams passing in and out of the alley. No substantial structural defect appears to have been combined with such action of the elements to produce such results; and, unlike several cases cited by my brother MARSHALL in the *Hyer Case*, the accumulations of snow and ice had not been to such an extent, nor of such a character, as to constitute an actionable defect. In most of the cases in this court where the action has been maintained for personal injury by reason of accumulations of ice and snow, the action of the elements had been combined with some defective condition of the walk itself,— as in the leading case of *Cook v. Milwaukee*, 24 Wis. 270, *S. C.* 27 Wis. 191. The evidence not only brings this case within the principles of the *Hyer Case*, but also within the principles of some of the cases therein cited and others which are here cited. *Grossenbach v. Milwaukee*, 65 Wis. 31; *Chamberlain v. Oshkosh*, 84 Wis. 289; *Hausmann v. Madison*, 85 Wis. 187; *Beaton v. Milwaukee*, 97 Wis. 416; *Cooper v. Waterloo*, 98 Wis. 424; *Kleiner v. Madison*, 104 Wis. 339; *De Pere v. Hibbard*, 104 Wis. 666; *Harrington v. Buffalo*, 121 N. Y. 147; *McNally v. Cohoes*, 127 N. Y. 350; *Lichtenstein v. New York*, 159 N. Y. 500. These New York cases, -as well as our own, preclude a recovery in a case like this. Besides, in this case, as in the *Hyer Case* and some of the others cited, there is no direct evidence nor circumstances

from which it could reasonably have been inferred that the plaintiff's fall was caused by such ridges or accumulations of snow, instead of by slipping upon the smooth ice. *Salzer v. Milwaukee,* 97 Wis. 471; *Gagan v. Janesville,* 106 Wis. 662 The cause of the plaintiff's slipping and falling down backwards is left by her evidence to mere conjecture. A verdict in such a case cannot be sustained by mere conjecture. *Hyer v. Janesville,* 101 Wis. 377, and cases there cited.

*By the Court.*— The judgment of the superior court of Milwaukee county is reversed, and the cause is remanded for a new trial.

As to liability of municipal corporations for ice on streets or sidewalks, see note to *Hausmann v. Madison* (85 Wis. 187), in 21 L. R. A. 263.— REP.