Steele, Appellant, vs. City of Chippewa Falls, Respondent.

*December 4, 1934—January 8, 1935.*

2

For the appellant there was a brief by *William E. Gough* and *Alexander Wiley,* both of Chippewa Falls, and oral argument by *Mr. Wiley.*

*P. J. Murphy,* city attorney, for the respondent.

ROSENBERRY, C. J.   The sole question raised upon this appeal is whether or not the sidewalk at the point where the plaintiff fell and was injured was defective.   No structural defect is complained of.   The sole defect claimed is an accumulation of snow and ice which was rough and slippery.   It appears to be undisputed that the roughness was due to the fact that some time about Christmas the weather had been mild, the accumulated snow upon the sidewalk, which is variously estimated in depth from two to four inches, became soft, indentations were made in the surface of the snow and ice by passing travelers, there was a freeze, and the walk remained in that condition down to the time of plaintiff's injury.   The depth of the imprints is variously estimated from one to two inches and by one witness at three inches, but there is nothing to indicate that this evidence refers to the precise place where the plaintiff slipped and fell.   The plaintiff herself testified, apparently referring to the place where she fell:

"The accumulation must have been an inch or two deep to cover the sidewalk."

We are earnestly requested to clarify the law.   The difficulty in this case, as in many others, arises not from any obscurity in the law, but in ascertaining the precise facts to which the law should be applied.   The trial court in granting the motion for nonsuit said:

"It seems to me that the evidence shows the ordinary condition of an icy sidewalk in the winter time, and not any defect in the sidewalk in the way of want of repair or want of sufficiency.   It was not an obstruction and not any trap for travelers who would step into it without seeing where they were going.   Undoubtedly it was dangerous and per-

haps very dangerous in walking down hill on that slippery sidewalk, but that is one of the dangers that pedestrians have to contend with."

In this view of the trial court we concur. There is no evidence in the case from which an inference could be drawn that the plaintiff stubbed her toe, caught her heel, or fell for any other reason than that she slipped upon a glary uneven surface caused wholly by natural conditions. Under these facts the case is ruled by *Hyer v. Janesville,* 101 Wis. 371, 77 N. W. 729; *Dapper v. Milwaukee,* 107 Wis. 88, 82 N. W. 725; *Koepke v. Milwaukee,* 112 Wis. 475, 88 N. W. 238.

*By the Court.*—Judgment affirmed.