TROBAUGH, Appellant, vs. CITY OF MILWAUKEE, Respondent.

*December 2—December 30, 1953.*

476

478

For the appellant there was a brief and oral argument by *Andrew W. Brunhart* and *Robert L. Kintzler*, both of Milwaukee.

For the respondent there was a brief by *Walter J. Mattison*, city attorney, *Arthur Saltzstein* and *Ewald L. Moerke, Jr.*, assistant city attorneys, and oral argument by *Mr. Saltzstein* and *Mr. Moerke*.

CURRIE, J. The following issues are presented on this appeal:

(1) Do ruts three to five inches in depth and approximately six inches in width worn in a natural accumulation of ice and snow which has formed on a public sidewalk crossing an alley, which ruts result from traffic using the alley, constitute such a defect under the provisions of sec. 81.15, Stats., as to permit a municipality to be held liable in damages to a pedestrian whose foot slips into such rut causing him to fall?

(2) Did the testimony of witnesses, that the condition of the ruts had continued substantially the same for the period of more than three weeks prior to the accident, present a jury issue as to the length of time such condition had existed in view of the government weather report showing that temperatures had risen above 32 degrees on certain occasions during said three-week period and there had been snowfall during such period?

(3) Is our Comparative Negligence Law (sec. 331.045, Stats.) applicable to causes of action arising under sec. 81.15?

Sec. 81.15, Stats., provides in part as follows:

*"Damages caused by highway defects; liability of town and county.* If damages happen to any person or his property by reason of the insufficiency or want of repairs of any highway which any town, city, or village is bound to keep in repair, the person sustaining such damages shall have a right to recover the same from such town, city, or village, . . . No action shall be maintained to recover damages for injuries sustained by reason of an accumulation of snow or ice upon any bridge or highway, unless such accumulation existed for three weeks."

Defendant city contends that no cause of action can be maintained against a municipal corporation under sec. 81.15, Stats., grounded upon an accumulation of ice and snow on a sidewalk due to natural causes, the surface of which is in a rough or uneven condition due to travel by pedestrians and vehicles, unless combined with a structural defect in the sidewalk itself. Both the city's brief and the memorandum opinion of the learned trial judge quote from headnote 1 contained in the syllabus of *Dapper v. Milwaukee* (1900), 107 Wis. 88, 82 N. W. 725, reading as follows:

"In the absence of structural defects which combine with the action of the elements in causing accumulations of ice and snow on a sidewalk, the condition of a sidewalk crossing an alley, which has become uneven by falling snow and the melting and freezing of the same while used by persons and teams, does not constitute an actionable defect."

In *Dapper v. Milwaukee, supra,* plaintiff sought to recover for personal injuries sustained as a result of slipping and falling on a sidewalk crossing a public alley in the city of Milwaukee while on her way to church. The accident happened prior to the adoption of ch. 305, Laws of 1899, amending present sec. 81.15, Stats., so as to insert the provision that no action can be maintained for injuries sustained by reason of accumulation of snow or ice, unless such accumulation has existed for three weeks. The testimony

disclosed that (p. 89), "at the time and place where she fell the sidewalk crossing the alley was covered all over with lumpy, ridgy, rough, and uneven ice; that the ridges extending north and south on the crossing were from an inch to an inch and a half or two inches high, and three or four feet long; that the lumps were from one and a half to three inches high; that the alley west of the crosswalk was higher than the walk and lower than the sidewalk, extending both north and south from the alley crosswalk; that the lumpy, ridgy, and uneven condition of the ice and crosswalk had existed for from three days to a week or more prior to the accident." The jury returned a special verdict in favor of the plaintiff, and judgment for the plaintiff was rendered thereon. This court reversed such judgment and remanded the cause for a new trial upon the ground that there was (p. 91), "no direct evidence nor circumstances from which it could reasonably have been inferred that the plaintiff's fall was caused by such ridges or accumulations of snow, instead of by slipping upon the smooth ice;" although the opinion did state that there was insufficient evidence to support the finding that the accumulation of snow and ice constituted an obstruction or defect in the sidewalk. The court pointed out that in most of the cases permitting the maintenance of a cause of action for personal injury resulting from an accumulation of ice and snow on public ways (p. 91), "the action of the elements had been combined with some defective condition of the walk itself." The court did not state that no cause of action could be maintained against a municipal corporation for a natural accumulation of snow and ice formed in rough ridges in the absence of structural defects in the sidewalk. Therefore, the above-quoted headnote in such case, that a structural defect was necessary in order to have liability, is not supported by the decision itself.

There have been cases decided by this court both prior to and subsequent to the decision in *Dapper v. Milwaukee,*

*supra,* in which a natural accumulation of snow and ice has been held to be such a defect in a sidewalk or a public way as to support a cause of action under sec. 81.15, Stats.

In *Salzer v. Milwaukee* (1897), 97 Wis. 471, 73 N. W. 20, plaintiff sought to recover damages against the defendant city for an injury received from falling upon an icy sidewalk. The evidence tended to show that for a long time prior to plaintiff's accident snow and ice had been suffered to remain on the sidewalk, until it had become a large accumulation at the place of the accident, where, by reason of the travel passing over it, it had become uneven, slippery, and dangerous. There was no showing of any structural defect in the sidewalk itself. At the opening of the trial the defendant entered a demurrer *ore tenus* which the trial court overruled. Plaintiff recovered judgment and defendant appealed. One of the assignments of error was the overruling of the demurrer *ore tenus.* In passing on such issue this court stated (p. 473):

"The complaint alleges such previous defective condition by reason of snow and ice which had been suffered to accumulate there, in an uneven, slippery, and dangerous condition. It also alleges that such condition had continued for a long time. It was not error to overrule the demurrer *ore tenus.*"

The alleged defect in the sidewalk in the case of *Byington v. Merrill* (1901), 112 Wis. 211, 88 N. W. 26, was a slippery, uneven ridge of snow and ice about 12 inches wide and four inches high at the center and sloping at the sides, which was the result of an accumulation due to natural causes. The record is silent as to there being any structural defect in the sidewalk and it can be assumed that there was none. The plaintiff stepped upon the side of the ridge of ice and her foot slipped causing her to fall and be injured. The jury returned a verdict in favor of the plaintiff and judg-

ment was rendered thereon. On appeal, this court reversed and remanded for a new trial on the ground of erroneous instructions, and that the evidence did not disclose that the accumulation had existed for the statutory three-week period. However, the opinion of the court in that case can leave no doubt that such ridge of ice might constitute an actionable defect in the sidewalk under the provisions of present sec. 81.15, Stats. (sec. 1339, Stats. 1898). We quote from the opinion as follows (p. 217):

"The law is too well settled to require discussion at this time, that the mere slippery condition of a walk, caused by ice forming thereon evenly, or substantially so, or the mere existence of a roughened condition of the surface of a walk caused by footprints in soft, wet snow and its freezing in that condition, does not render such walk insufficient or in want of repair within the reasonable meaning of the statute; *but that an accumulation of snow or ice on a walk in a ridge or rounded form, so as to form an obstruction to the use thereof with reasonable safety, by persons in the exercise of ordinary care, does constitute such insufficiency and want of repair.*" (Emphasis supplied.)

The defendant city cites the cases of *Steele v. Chippewa Falls* (1935), 217 Wis. 1, 258 N. W. 181, and *Thomas v. Appleton* (1949), 256 Wis. 163, 40 N. W. (2d) 575, in support of its contention that the facts of the instant case do not establish a cause of action against the city.

In *Steele v. Chippewa Falls, supra,* the sole claimed defect in the sidewalk was an accumulation of snow and ice which was rough and slippery. Such accumulation was variously estimated to have a depth from two to four inches. The roughness in its surface was caused by indentations of footprints of passing travelers which froze in the surface. The depth of the imprints was variously estimated from one to two inches and by one witness at three inches. The trial court granted a nonsuit on the ground that there was no obstruc-

tion present but only a slippery condition. This court affirmed the trial court and stated (p. 4) :

"There is no evidence in the case from which an inference could be drawn that the plaintiff stubbed her toe, caught her heel, or fell for any other reason than that she slipped upon a glary uneven surface caused wholly by natural conditions."

The case of *Thomas v. Appleton, supra,* involved an injury caused to a pedestrian on a city sidewalk as a result of slipping on an accumulation of rough, ridged ice covered by a drift of snow several inches deep above the ice. There was an open athletic field along the sidewalk and the evidence showed that snow was continually drifting onto the sidewalk at the place where the accident occurred. This court reversed the judgment of the court below rendered in behalf of plaintiff, and in its opinion stated (p. 167) :

"No one, of course, can say how long it will take a drift to form across a walk. Given the presence of snow in the area, it depends on wind and weather, and plaintiff and his witnesses proved that the slightest wind made snowdrifts here. It would be an unreasonable burden to require the city to maintain the sidewalk free from drifts under such conditions and it would be pure speculation to assert that a drift removed in the afternoon would not be back the next morning."

We do not consider that either *Steele v. Chippewa Falls, supra,* or *Thomas v. Appleton, supra,* are authority for the contention advanced by defendant city, that a natural accumulation of snow and ice, no matter how cut up by ridges or ruts, can never constitute an actionable obstruction or defect under sec. 81.15, Stats., unless combined with a structural defect in the sidewalk itself. The facts in such two cases are so dissimilar to those existing in the case at bar that the decisions therein are not controlling here.

It is our conclusion that a natural accumulation of snow and ice may constitute an actionable defect or obstruction on a public sidewalk or way, without there being present any structural defect. Under what circumstances then may a natural accumulation of snow and ice constitute such actionable defect? We believe the best answer which can be made to such question is found in the following statement in 19 McQuillin, Mun. Corp. (3d ed.), p. 321, sec. 54.84:

"However, no precise limit can be established to determine what height and extent an icy ridge must reach in order to be actionable as a defect; but there is some merit in the suggestion that, under this rule, the ice, in order to constitute a defect must, while adhering to the walk, assume a form which would be a structural defect if the walk were itself so constructed."

There is no question but that, if there had been a depression in the concrete surface of the alley crossing three to five inches in depth and six inches in width in the instant case, a jury issue would have been presented as to whether the same constituted an actionable defect under the provisions of sec. 81.15, Stats. On the other hand, a condition in the natural surface of the sidewalk, such as was present in the case of *Hyer v. Janesville* (1898), 101 Wis. 371, 77 N. W. 729, caused by the mere frozen impressions of footprints, would clearly not be actionable.

We must now consider the further contention made by the defendant city, that the United States government weather report establishes as a verity the fact that the accumulation of snow and ice on the crosswalk had not existed for the statutory three-week period in the same condition in which it was on the day of the accident. Disinterested witnesses corroborated plaintiff's testimony that the two deep ruts had existed in the accumulation of snow and ice

on such walk for more than three weeks prior to the accident. The weather report showed that on several occasions during the three preceding weeks the temperature had risen to above 32 degrees and that there was snowfall during such period. In the oral argument, counsel for defendant city stated that the weather station making such report was located approximately five miles from the place of the accident, and there was no testimony that the snowfall at the place of the accident was the same as it was at the weather station. For that reason we do not deem the weather report to be conclusive on the issue of snowfall at the point of the accident.

Furthermore, the legislature in providing in sec. 81.15, Stats., that no action can be maintained "for injuries sustained by reason of an accumulation of snow or ice upon any . . . highway, unless such accumulation existed for three weeks" must have had in mind that it would be highly unusual that there would be no period of thaw or absence of snowfall in a three-week winter period. We interpret this provision of the statute to mean that, if there were at the beginning of the three-week period an accumulation of snow or ice in such ridged or rutted condition as to constitute an actionable defect under the statute and such accumulation continued in substantially the same condition for a period of three weeks or more, recovery might then be had under the statute by a person injured by reason of such defect even though there may have been some incidental change in the surface due to freezing and thawing or the adding to the accumulation caused by snowfall.

A jury question was presented in the instant case as to the existence of the defect caused by the accumulation of the snow and ice for the statutory three-week period.

The last point raised by the defendant city is that the provisions of sec. 331.045, Stats. (the comparative-negligence statute), do not apply to actions under sec. 81.15. This contention is based upon the following statement appearing at

the end of our opinion in *Sylvester v. Milwaukee* (1941), 236 Wis. 539, 544, 295 N. W. 696:

"In *Ehleiter v. Milwaukee,* 121 Wis. 85, 87, 98 N. W. 934, 66 L. R. A. 915, 105 Am. St. Rep. 1027, the rule was established that the municipality is liable for a defect in the highway only when such defect is the sole proximate cause of the injury complained of. . . .
"In view of this, we do not consider it necessary to examine the question whether plaintiffs' negligence exceeded that of the city."

Counsel for the defendant city erroneously assume that the additional cause of the accident referred to in the above quotation was plaintiff's contributory negligence. However, the court was not there alluding to plaintiff's contributory negligence but to the fact that the accident in the *Sylvester Case* was caused by the manner of operating the bridge rather than by a defect in the bridge itself. In the case of *Ehleiter v. Milwaukee* cited therein the fatal accident resulted from two concurring causes, an open bridge and a runaway horse.

This court prior to our decision in the *Sylvester Case,* had specifically ruled in *Morley v. Reedsburg* (1933), 211 Wis. 504, 248 N. W. 431, that sec. 331.045, Stats., was applicable to actions against a city under sec. 81.15. Headnote 7 in *Morley v. Reedsburg* states:

"An action against a city under sec. 81.15, Stats., is, in legal contemplation, an action for negligence, and within the application of the Comparative Negligence Act (sec. 331.045, Stats.)."

The foregoing is an accurate statement of our holding in that case on such point, and we adhere thereto.

*By the Court.*—Judgment reversed and cause remanded with directions to reinstate the verdict of the jury and to render judgment thereon in favor of plaintiff.