WALLEY and wife, Respondents, vs. PATAKE, Appellant.*

*January 7—February 5, 1957.*

* Motion for rehearing denied, with $25 costs, on April 9, 1957.

For the appellant there were briefs and oral argument by *Vilas H. Whaley,* attorney, and *L. P. Baumblatt* of counsel, both of Racine.

For the respondents there was a brief by *Harvey & Harvey,* attorneys, and *Helm, Myers & Gillett* of counsel, all of Racine, and oral argument by *Richard G. Harvey* and *Samuel P. Myers.*

BROADFOOT, J.   The question raised by the appeal from the first order relates to the power of the trial court to grant leave to the plaintiffs to serve and file an amended complaint. The defendants contend that the decision of this court upon the previous appeal is *res judicata* and represents the law of the case. They contend that the plaintiffs, by electing to appeal from the order sustaining the demurrer, forfeited the right to amend their complaint which had been given. They

contend further "that if plaintiffs wished to preserve their rights they should have moved for a rehearing in this court, as was done in *Cross v. Leuenberger,* 267 Wis. 232, 65 N. W. (2d) 35, 66 N. W. (2d) 168.

We cannot agree with these contentions of the defendants. The procedure followed in the *Cross Case* is proper, but it is not the only way to gain permission to file an amended pleading. In our decision we held that the action of the trial court in sustaining the demurrer to the complaint and in affording opportunity to file an amended complaint was correct. In other words, we affirmed the entire order of the trial court, which included a right to plead over. Therefore the first order must be affirmed.

The pertinent allegations in the original complaint were: That for a period of three or four weeks prior to the 1st day of January, 1951 (the date of the accident), the defendants had negligently permitted a heavy accumulation of snow and ice to gather upon the sidewalk adjacent to the premises; that sometime prior to the 1st day of January, 1951, Rudolph Patake had negligently and carelessly partially cleared a path about 15 inches in width through the snow and ice accumulated upon the sidewalk; that the surface of the accumulated ice and snow was rough, uneven, and slippery, and that the sides of the path sloped upward and outward on each side thereof at a steep angle, thereby creating a slippery and steep slope of ice and snow on each side of the path and running substantially the entire length of their property; that because of the prior allegations the defendants had negligently increased the hazard of walking on said sidewalk and accumulated snow and ice thereon by permitting the entire surface, both in and out of the path, to remain in a rough, uneven, and slippery condition; that the defendants permitted the steep and slippery slopes on the borders of the path to remain on the sidewalk without covering said slopes with any sand, ashes, or other abrasive substance; and that the defendants

knew, or in the exercise of ordinary care ought to have known, that the slopes along the sides of the path through the accumulated ice created a greatly increased hazard to passersby, and that the sidewalk was heavily traveled.

The amended complaint, to a great extent, is a repetition of the original complaint. It alleges that the defendants negligently permitted a heavy accumulation of snow and ice to gather upon the sidewalk and that they permitted this condition to exist for a period of three or four weeks prior to the date of the accident; that at least two weeks prior to the date of the accident Rudolph Patake negligently and carelessly partially cleared a small path about 15 inches in width through said snow and ice; that the sides of the path sloped upward and outward on each side thereof at a steep angle, thereby creating a slippery and steep slope of ice and snow from three to six inches in height on each side thereof, thereby artificially increasing the hazard of travel on said sidewalk and the natural accumulation of snow and ice thereon, and that defendants knew or should have known that the conditions existing after shoveling the path had artificially increased the hazard of travel thereon; that this constituted the creation and maintenance of a nuisance thereon and that defendants should have cleaned off the walk or covered the slopes of the path with sand, ashes, or other abrasive substance.

In the original proceedings the trial court held that the complaint did not state a cause of action either in negligence or based upon nuisance. The trial court stated that the shoveling of a pathway is not such an interference with a sidewalk as to artificially create a defective and dangerous condition. That was a correct statement of the law and we should have so stated in our former opinion. We did affirm the decision of the trial court but by way of dictum gave unwarranted hope to the plaintiffs. An example was given of

what might, under some circumstances, constitute a nuisance. It was and is impossible to file an amended complaint using that example as the basis of liability in this action without taking a position directly at variance with the claims made herein.

The law is clear that the owner or occupant of property owes no duty to pedestrians to keep the walk thereof free from ice and snow coming thereon from natural causes or to guard against the risk of accident by placing ashes or other abrasive substances thereon, and that he will not be liable to persons injured because of his failure to do so. The authorities therefor are sufficiently stated in our first opinion.

The amended complaint states nothing further by way of affirmative acts on the part of Rudolph Patake than were alleged in the first complaint. The only material differences in the two complaints were the allegation that the path was made "two weeks" before the date of the accident and not "sometime" before then, and the allegation that this "artificially" increased the hazard of travel upon the sidewalk. The last allegation is a conclusion and not an allegation of fact. Thawing and freezing, a natural condition, caused the snow to become rough, uneven, and slippery. The law is well settled that if the owner or occupant of property does nothing in so far as snowfall is concerned he is not liable to a pedestrian who is injured because thereof. Plaintiffs seek to penalize the good citizens who make an attempt to improve the situation. Their efforts against this common enemy in Wisconsin should be encouraged. Snowfall, with its attendant discomfort, is a small price to pay for the many advantages we enjoy as residents of this state. The only thing we can say with authority about Wisconsin weather is that it changes frequently. As a result, we will have many slippery conditions on sidewalks. Every pedestrian must be conscious of that fact and take due care for his own protection.

*By the Court.*—The order denying defendants' motion for judgment dismissing the complaint and permitting plaintiffs to file an amended complaint is affirmed. The order overruling defendants' demurrer to the amended complaint is reversed. Cause remanded with directions to enter judgment dismissing the complaint herein.