SMITH, Guardian *ad litem,* Appellant, v. CITY OF JEFFERSON, Respondent. [Two cases.]

*October 8—November 3, 1959.*

380

For the appellant Richard C. Smith, guardian *ad litem,* there was a brief by *Dempsey & Robinson* of Whitewater, and oral argument by *Clark Dempsey.*

For the appellant Walter Smith there was a brief by *Dempsey & Robinson* of Whitewater, and oral argument by *Clark Dempsey.*

For the respondent there was a brief and oral argument by *Frank M. Coyne* of Madison, and *Francis J. Garity* of Jefferson.

CURRIE, J. Counsel for the plaintiffs contend that the allegations of the complaint are sufficient to spell out a cause of action on any one of the following four theories:

(1) Attractive nuisance.

(2) Actual nuisance.

(3) Liability under sec. 81.15, Stats., for a sidewalk defect.

(4) Liability under sec. 270.58, Stats., for negligent acts performed in good faith by a city officer.

### *Attractive Nuisance.*

The liability for an attractive nuisance is grounded upon negligence and not nuisance. See concurring opinion in *Flamingo v. Waukesha* (1952), 262 Wis. 219, 55 N. W. (2d) 24, and authorities cited therein. In Wisconsin, a municipal corporation enjoys immunity from tort liability grounded on negligence while acting in a governmental capacity, except for some statutory modifications of such common-law immunity doctrine. None of such statutory modifications are material to the instant appeals with the

exception of those contained in secs. 81.15 and 270.58 which will be hereinafter considered.

Plaintiffs' counsel attempt to escape such immunity doctrine by contending that the city's alleged negligence did occur while it was acting in a proprietary capacity. In support of such contention there is cited the case of *Britten v. Eau Claire* (1952), 260 Wis. 382, 51 N. W. (2d) 30. In that case a minor boy was injured while playing about a road scraper which had been parked on a vacant lot after it had been used in roadwork. Recovery was permitted against the city on the theory of attractive nuisance. The rationale of the holding was that, in storing the scraper on the empty lot, the city had ceased to act in a governmental capacity and instead was then acting as a proprietor of property.

In the instant cases the flares were being used to warn users of the walk of a defect therein. We interpret the allegations of the complaints as stating that Kriederman was using them as bailee of the city in his individual capacity as an adjoining property owner. However, even if the allegations could be stretched so as to be construed as alleging that Kriederman, in so acting, was an officer or agent of the city, the city's negligence occurred while it was acting in a governmental capacity. This is because the use of flares by the city to warn the public of a sidewalk or street defect would be the performance of a governmental function. The negligence in failing to extinguish them during the daytime, or to remove them off the walk, did not amount to a storing of city property so as to bring the facts within the rule of the *Britten Case*.

Recent attempts made in the Wisconsin legislature to abolish the tort immunity for negligence of municipalities have failed. At the 1953 legislative session, Bill 272, A., was introduced to accomplish such result; and again in

the 1955 session, Bill 386, A., was offered having the same objective. However, both bills were defeated. This is strong evidence of legislative intent that such immunity should not be abolished.

It is our conclusion that the complaint fails to state a cause of action against the city for attractive nuisance.

### Actual Nuisance.

Obstructions negligently or intentionally placed on public sidewalks or streets are uniformly held to constitute public nuisances. *Smith v. Congregation of St. Rose* (1953), 265 Wis. 393, 400, 61 N. W. (2d) 896. Counsel for the plaintiffs claim that the lighted flares on the sidewalk in the daytime constituted such a public nuisance.

However, this court has repeatedly held that a municipal corporation is not liable for a public nuisance when the relationship of governor and governed exists between it and the injured person. *Laffey v. Milwaukee* (1958), 4 Wis. (2d) 111, 89 N. W. (2d) 801, and *Hoepner v. Eau Claire* (1953), 264 Wis. 608, 60 N. W. (2d) 392. For an analysis of the many Wisconsin cases so holding, see Anno. 56 A. L. R. (2d) 1415, at pages 1428 *et seq.* This rule is stated in the *Laffey Case* as follows (p. 116):

"It is commonly said that while plaintiff is using the public facility for the purpose for which it is intended, the relationship of governor and governed exists between the parties, and where such relationship exists, the doctrine of sovereign immunity protects the municipality from liability."

The complaint alleges that Patricia was playing at the time her dress came in contact with the flame of the lighted flare. Prior cases have held that a child has the right to play on public sidewalks or in the street and has the same rights there as other travelers. *Reed v. Madison* (1892), 83 Wis. 171, 53 N. W. 547, and *Busse v. Rogers* (1904),

120 Wis. 443, 98 N. W. 219. Therefore, the relationship of governor and governed existed between the city and Patricia at the time the accident occurred and there can be no recovery grounded on the theory of public nuisance.

### Liability Under Sec. 81.15, Stats.

Only the complaint in behalf of the injured minor attempts to allege a cause of action under sec. 81.15, Stats. Such statute expressly provides that no action shall be maintained under it by a parent "on account of injuries received by a minor child." Sec. 81.15 confers a cause of action against a city for damages sustained "by reason of the insufficiency or want of repairs of any highway." The word "highway" in such statute includes a public sidewalk. *Trobaugh v. Milwaukee* (1953), 265 Wis. 475, 61 N. W. (2d) 866.

19 McQuillin, Mun. Corp. (3d ed.), p. 260, sec. 54.80, states:

"What is a defect or obstruction in or on a sidewalk which will constitute negligence on the part of the municipality is governed by no fixed rule, but is to be determined by the facts of the particular case and surrounding circumstances, . . ."

We have no hesitancy in holding that to permit a lighted flare pot to remain on the sidewalk at 10:30 o'clock in the morning constitutes an insufficiency or defect in the walk. The crucial question is whether the complaint in behalf of the minor alleges facts sufficient to establish that the city had actual or constructive notice of such insufficiency or defect. It clearly appears from the complaint that Kriederman was maintaining such flares as an abutting property owner and not as a city officer. Therefore, the city would not be chargeable with actual notice because Kriederman's knowledge was not that of the city.

However, such complaint does allege that the flares remained burning night and day for the two-month period prior to the day of the accident "except when on some occasions" the defendant Kriederman would extinguish the flares in the early morning and would relight them at night. A municipal corporation is liable for injuries caused by ·defective sidewalks where the defect has existed long enough to imply notice of its existence. *Johnson v. Milwaukee* (1879), 46 Wis. 568, 1 N. W. 187. We deem that the foregoing allegation is sufficient to allege the existence of ·the lighted flares during the daytime long enough to constitute constructive notice to the city of such condition.

Inasmuch as the complaint in behalf of the minor was sufficient to allege a cause of action grounded upon sec. 81.15, Stats., it was error to have sustained the demurrer as to such cause of action.

### *Liability Under Sec. 270.58, Stats.*

Under sec. 101.29, Stats., the chief of a city fire department is constituted a deputy of the industrial commission and delegated the duty by himself, or members of his fire department, to inspect at least once in every six months all buildings and thoroughfares, except the interiors of private dwellings. The stated purpose of such required inspection is to ascertain and cause to be corrected any condition liable to cause fire.

Sec. 270.58, Stats., provides that where an officer of a political subdivision of the state is proceeded against in his official capacity, while performing a governmental function by action, except an action for false arrest, and it is found by the jury or court that he acted in good faith, the judgment for damages obtained against such officer shall be paid by the political subdivision. In view of the provision of sec. 260.11 (1) which provides that, "Any

person may be made a defendant . . . who is a necessary party to a complete determination or settlement of the questions involved" in the action, the municipality may be joined as a party defendant in an action brought under sec. 270.58 against the officer. *Larson v. Lester* (1951), 259 Wis. 440, 49 N. W. (2d) 414.

Sec. 62.09 (1), Stats., includes the chief of the fire department in its enumeration of city officers. The complaint alleges that Kriederman is being sued as an officer of the city, as well as in his individual capacity. Kriederman is alleged to have been negligent in the following three respects:

(1) In failing as fire chief to perform the duties of inspection prescribed by sec. 101.29, Stats.

(2) In incumbering the sidewalk with the flare pots in violation of sec. 62.17, Stats. 1955 (repealed by the 1957 legislature and re-enacted in a revised form as part of sec. 66.615(1)).

(3) In putting out, and leaving burning, open flares in violation of statutes and ordinances, which statutes and ordinances are not identified in the complaint.

As previously pointed out, other allegations of the complaint make it clear that Kriederman was a bailee of the flare pots, and set them out as an abutting property owner and not as chief of the fire department. Therefore, the second and third specified grounds of negligence would impose no liability upon the city under sec. 270.58, Stats. On the other hand, the first alleged ground of negligence is grounded upon a failure by Kriederman to perform a duty imposed upon him by sec. 101.29 in his capacity as chief of the fire department.

The complaints allege that, upon removal of the three squares of concrete from the walk, there was left exposed a gravel surface. The complaints further state that the

flare pots were set at each end of such three squares of walk, but do not state whether they were set upon this gravel or upon the immediately adjoining concrete portions of the walk. In either case they were set upon a material which would not burn from contact with the flame of the flares. ·

A reading of sec. 101.29, Stats., convinces us that its objective is to prevent fire hazards in public buildings and streets where fires may develop spontaneously or from such acts of carelessness as the dropping of a lighted match or cigarette butt. Such fire hazards would most likely consist of such things as accumulations of trash and oily rags, and the improper storage of inflammable materials.

We do not deem it to have been the intent of sec. 101.29, Stats., to require every fire chief to abolish all flare pots put out by contractors, municipalities, or other users. Flare pots set on a nonflammable surface, such as gravel or concrete, and not in close proximity to any material that might burn, would not be subject to abatement by the chief of the fire department under such statute.

It is our considered judgment that no cause of action grounded upon liability imposed pursuant to sec. 270.58, Stats., is alleged in the complaints.

*By the Court.*—The order which sustained the demurrer to the complaint of the guardian *ad litem* is reversed, and the cause remanded to enter an order overruling such demurrer; the order which sustained the demurrer to the complaint of the minor's father is affirmed.