LAFFEY, Respondent, v. CITY OF MILWAUKEE, Appellant.

*November 2—December 1, 1959.*

468

For the appellant there were briefs by *Walter J. Mattison,* city attorney, and *Peter M. Stupar,* assistant city attorney, and oral argument by *Mr. Stupar.*

For the respondent there was a brief by *Laurence J. Collins,* attorney, and *H. O. Wolfe* and *Wolfe, O'Leary & Kenney* of counsel, all of Milwaukee, and oral argument by *Mr. H. O. Wolfe* and *Mr. Collins.*

HALLOWS, J.    The city takes the position that because its fire department was involved and therefore it enjoys governmental immunity from negligence, Laffey cannot rely on negligence as a basis of his cause of action.  The city further claims because the condition of the sidewalk existed only a matter of hours the facts are distinguishable from those of *Trobaugh v. Milwaukee* (1953), 265 Wis. 475, 61 N. W. (2d) 866.

On the first appeal of this case we held that the plaintiff stated a cause of action in negligence under sec. 81.15, Stats., and an accumulation of ice on the sidewalk may constitute an "insufficiency or want of repair." In citing the *Trobaugh Case, supra,* this court did not interpret, as contended by the city, that the icy condition could have existed for as much as three continuous weeks prior to the accident.  We plainly stated that sec. 81.15 did not provide a three-week period of absolute immunity when the city itself negligently created the icy condition on the sidewalk, and that the three-week

period referred to in sec. 81.15 applied to the natural accumulation of snow and ice, and not to one artificially created by the city.

Whether the city was negligent in allowing the alleged condition of the sidewalk to remain from the evening of January 27th to the time of the alleged fall by Laffey on the following day is a question of fact to be determined by the court or jury. This court on the paucity of facts in the record cannot hold as a matter of law that the city was not negligent under any circumstances because the injury occurred, at the most, twenty-seven hours after the water was spilled on the walk. The temperature on the evening of January 27th may have been below freezing at the time the water was spilled and left; or the temperature may have been above freezing and a sudden drop in temperature caused the water on the sidewalk to freeze. The circumstances of such freezing are not in the record.

The city contends that the nub of its appeal is the proposition that if the city caused Laffey's injury, such injury resulted from his fall on an icy sidewalk, a condition negligently created by firemen while on duty. Laffey's injury was not caused by any negligence in the maintenance of the sidewalk or its insufficiency or want of repair within the meaning of sec. 81.15, Stats., but was caused by the negligent manner in which the firemen did their job.

This argument is based on the premise that the city is not liable for negligence occurring in the performance of a governmental function. Sec. 81.15, Stats., is an exception to the common-law rule of immunity of a municipality for injuries caused in the performance of a governmental function. To apply the rule as contended by the city would be to abrogate the exception provided for in this section. Such an argument was rejected in *Schumacher v. Milwaukee* (1932), 209 Wis. 43, 243 N. W. 756 (construing sec. 66.095, now

sec. 345.05, motor-vehicle accidents) ; *Heiden v. Milwaukee* (1937), 226 Wis. 92, 275 N. W. 922 (safe-place statute).

In *Cook v. Milwaukee* (1870), 27 Wis. 191, cited by the city, the statutes antecedent to sec. 81.15, Stats., were not discussed or applied. In view of this court's prior decisions and the present wording of sec. 81.15, the *Cook Case* cannot be considered controlling. Neither *Sylvester v. Milwaukee* (1941), 236 Wis. 539, 295 N. W. 696, nor *Higgins v. Superior* (1908), 134 Wis. 264, 114 N. W. 490, is applicable. In the *Sylvester Case,* the plaintiff's automobile collided with the leaf of the drawbridge as the leaf started to rise. It was stated the accident was caused by the negligent manner of operating the bridge by the bridge tender. In the *Higgins Case,* the plaintiff was injured by a city fire engine. This court stated the injury resulted from the negligent manner in which the driver performed the lawful functions of the city. This case was decided before the enactment of sec. 345.05 which now provides for municipal liability for motor-vehicle accidents. Laffey was injured when he slipped on the icy sidewalk; he was not injured by the firemen while they were performing a governmental function.

Sec. 81.15, Stats., does not make any distinction between the negligence of the city in causing the insufficiency of the sidewalk and negligence of the city in allowing such a condition to exist. It is sufficient under that section if damages happen to a person by reason of the insufficiency or want of repair of a sidewalk which the city is bound to keep in repair. The question is not whether the fire department was negligent in spilling water on the sidewalk, but whether the city of Milwaukee was negligent in allowing the water to remain on the sidewalk for the period of time it did under prevailing weather conditions. This is a fact question. Other cases cited by the city on governmental immunity for negligence not involving the subject matter of sec. 81.15 are not applicable to the facts of this case.

We believe the trial court was right in not sustaining the motion for summary judgment. We cannot hold as a matter of law that the city is not liable under any circumstances presented in this case. Whether the city is negligent under these circumstances, whether the artificial accumulation of of ice on the sidewalk amounts to an insufficiency or want of repair, and whether the plaintiff was contributorily negligent, are issues to be decided at the trial.

It is well established that summary judgment will only be granted where there are no substantial factual issues to be tried. Since the question of law raised by the appellant city of Milwaukee cannot be decided in its favor, the factual issues remain to be tried.

*By the Court.*—Order appealed from is affirmed.