FUHRMANN, Respondent, vs. CODDINGTON ENGINEERING
COMPANY, Appellant.

*March 21—April 9, 1914.*

*Pleading: Waiver of defects: Negligence of building contractor:
Temporary walk in street: Permit from city: Injury to pedes-
trian: Contributory negligence: Questions for jury: Excessive
damages.*

1. Where, in an action for personal injuries, defendant assumes
   that the complaint charges it with actionable negligence, ac-
   cepts an issue on that basis, and tries it out, it is too late on
   appeal to challenge the sufficiency of the complaint.
2. Defects in a complaint can only be reached by demurrer, by mo-
   tion, or by objection made before entering upon the trial to the
   reception of any evidence under it.
3. No permit from municipal authorities for the temporary use of
   a street for building purposes can justify the construction or
   maintenance of a temporary sidewalk in a manner dangerous
   to pedestrians.
4. Upon evidence tending to show that a temporary walk built in
   the street by a building contractor was only twenty-five inches
   wide at the place of accident, that a considerable part of this
   would be covered by the overhang of a passing street car, and
   that crushed stone piled on the other side between the walk
   and curb overflowed upon the walk and at times shoved it over
   nearer the street-car track, it is *held* that the jury were war-
   ranted in finding negligent construction or maintenance of such
   walk.
5. Whether such negligence was the proximate cause of an injury
   to the plaintiff who, while using such walk, was struck by a
   street car coming from behind him, and whether in using the
   walk he was guilty of contributory negligence, were in this case
   questions for the jury.
6. Plaintiff, who was seventy-two years of age, had one of his feet
   crushed almost to a pulp while the other was badly crushed,
   every bone in it broken, and the muscles torn apart. Three
   fourths of one foot was afterward amputated and an operation
   of skin grafting was required. His suffering was great, and
   he will never be able to walk without crutches. His actual ex-
   penses were $1,800, and he received $4,500 from a third party
   in consideration of a covenant not to sue. *Held*, that an award
   of $4,500, reduced by the trial court from $6,500, was not ex-
   cessive.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

This action was brought by the plaintiff against the Milwaukee Electric Railway & Light Company, charging in separate counts negligence and gross negligence of the latter, resulting in personal injury to the plaintiff. The next step in the action was to bring in the appellant as a party defendant. The respondent then settled with the street railway company for $4,500, executing to that company a covenant not to sue and discontinuing the action as to that defendant, also substituting the attorneys for that defendant as attorneys for the plaintiff in the action as it then stood against the appellant alone. Before bringing in the appellant an amended complaint was filed. The appellant answered this complaint and denied that it failed to use ordinary care. It justified placing the temporary sidewalk in the street under an order and permit of the city of Milwaukee lawfully issued to it by the building inspector, it having been at the time engaged in the construction of a building upon the adjacent or abutting property. A special verdict found that a want of ordinary care on the part of the appellant caused respondent's injuries, absolved the respondent from any guilt of negligence on his part, and fixed his damages at $6,500, which were reduced by the court below to $4,500. Error is assigned because the trial court refused to direct a verdict for defendant; also because the damages, although reduced to $4,500 by order of the circuit court, were still excessive, and with reference to rulings upon evidence.

For the appellant there was a brief by *Quarles, Spence & Quarles,* attorneys, and *C. S. Thompson,* of counsel, and oral argument by *Mr. Thompson.*

For the respondent there was a brief by *Van Dyke, Rosecrantz, Shaw & Van Dyke,* and the cause was argued orally by *J. D. Shaw.*

TIMLIN, J.   It appears that the appellant considered that the complaint intended to charge it with negligence in respect to the maintenance or construction of the sidewalk in question and accepted an issue on that basis and tried it out, so that we have now no right to reverse in this court for insufficiency of the complaint.   We presume the first assignment of error is based on the testimony of Mr. Salzstein, to whose statement that he found broken pieces of stone on the walk where the injured man was sitting an objection was made on the ground that the evidence relating to the condition of the walk was not within the pleadings and was immaterial, etc. It is to be observed that the defendant justified its maintenance of this temporary sidewalk in the street on the ground that it was engaged in the construction of an adjacent building and had received authority from the city to place this temporary sidewalk in the street.   It was competent in rebuttal of such claim to show that notwithstanding such permit the temporary sidewalk was unlawful because constructed and maintained in a manner dangerous to pedestrians.   No permit can justify such construction and maintenance, and the dangerous character of the construction and maintenance effectually overcame any claim of immunity by reason of the order of the city authorities.   This evidence was also competent in rebuttal of the affirmative matter in the answer.   Objection to the general sufficiency of the complaint could not be taken in this indirect way.   To do so would bring about the anomaly of defendant trying this question on the merits, and if successful having a judgment in bar upon a point which he considered necessarily involved for the purpose of using it as a defense, but irrebuttable because of defects in the complaint. The defects in the complaint could only be reached by demurrer, by motion, or by objection made before entering upon the trial to the reception of any evidence on the ground that the complaint did not state a cause of action.

Taking up the case on the evidence, we discover evidence

from which the jury might have found that the temporary sidewalk, although authorized by the proper officers of the city, was only from two feet to thirty inches in width and between twenty-one and thirty inches from the edge of the nearest rail of the street railway; that the appellant was engaged in hauling fresh stone and dumping it between this sidewalk and the curb, and that as the crushed stone piled up there and the loaded wagons rolled it down it spread at the base and crowded the temporary sidewalk over nearer to the street-car rail, and the defendant's men, on removing the crushed stone, in their operations moved back the sidewalk toward the curb from time to time with crowbars or other levers.   Along the side next to the crushed stone of this temporary sidewalk there was a railing; none on the side next the street-car rail.   The crushed stone pile between the temporary sidewalk and the curb, when it reached a considerable height, was spread out under this railing and on to the temporary sidewalk, narrowing the already narrow sidewalk and taking up part of the limited space furnished on the side farthest from the street-car rail, while also making the narrow sidewalk more dangerous in the way of causing a fall.   So that, in short, there was evidence from which the jury might find that the defendant, although authorized to have a temporary sidewalk here during its construction operations, nevertheless negligently constructed and maintained the same.   The jury could well have found that the sidewalk as constructed was too narrow, too near to the street railway track, and not sufficiently fastened or anchored in place, and also that the defendant allowed it to be incumbered on the side farthest from the railway track with crushed stone to such an extent as to tend to crowd the pedestrian nearer to the railway track and to put under his feet an unstable or movable substance which might cause his fall at a critical moment.   There is evidence from which the jury could properly have found that the walk itself was so near to the nearest rail of the street railway that it was

partly under the overhang of a passing car. Respondent furnishes the following figures which seem to have support in the evidence:

The distance from the curb to the first rail was thirteen feet seven inches. The railing mentioned on the temporary walk was distant from the curb ten feet six inches. The temporary walk twenty-five inches wide; the overhang of the car was nineteen and one-half inches beyond the outside of the rail. This would leave quite a portion of this temporary sidewalk under the overhang of a passing car. With the pedestrian crowded over toward this portion of the walk by the crushed stone which overflowed upon the other side of the temporary sidewalk, there is quite a basis for the jury's finding of appellant's negligence in the construction and maintenance of the temporary sidewalk. There is also evidence from which the jury might properly find that the plaintiff was not guilty of contributory negligence. The sidewalk was a standing invitation to him to use it. He must use it in common with other pedestrians in the ordinary way, following, preceding, meeting, and passing. He may have failed to observe its dangerous proximity to the street railway or not have known the extent of the overhang of the street car or of the presence of the crushed stone on the narrow sidewalk or that a street car would overtake him at any particular point on this sidewalk, and it is very difficult for a court dealing with law, not facts, to say that he ought in the exercise of ordinary care to have known of the danger and to have avoided it.

The jury having become convinced of the negligence of the appellant in the mentioned particulars, the question whether or not that negligence caused the plaintiff's injury was purely a question of fact.

It is claimed that the damages are excessive. The plaintiff is a man seventy-two years of age, had one of his feet crushed almost to a pulp. Three fourths of his foot was afterward amputated and there was an operation of skin-grafting neces-

sary.   The other foot was quite bádly crushed, every bone in
it broken, and the muscles torn apart.   Plaintiff would never
be able to walk without crutches; his sufferings were of course
great.   His total expenses for hospital .attendance, surgical
treatment, and nursing amounted to $1,800.   He received in
settlement from the street railway company $4,500.   His
loss of earning capacity was comparatively small, but his in-
juries were great, exceedingly painful, and his disability per-
manent.   The finding of the circuit court upon this question
of damages must be considered from the viewpoint of the ad-
vantages of that court not only in hearing evidence, but also
in the matter of observing the conduct of the jury during the
trial, the procedure at the trial, and the demeanor of witnesses
and the appearance of plaintiff.   And great weight must be
given to its decision on this question.   The learned circuit
judge also exercised his judgment in reducing the amount
awarded by the jury.   We find no sufficient ground for dis-
turbing the verdict in this respect, and the judgment should
be affirmed.

*By the Court.*—It is so ordered.