BALLARD, Respondent, vs. THOMAS FURNACE COMPANY, Appellant.

*October 6—October 26, 1915.*

*Master and servant: Injury: Insecure path: Contributory negligence: Question for jury.*

In an action for injuries to an employee contributory negligence was a jury question upon evidence showing, among other things, that as he was walking in defendant's factory along a narrow path constructed of a thin coating of concrete laid on ashes, close to the edge of which was an excavation, the bank caved away causing him to fall into the excavation, that for weeks he and others had walked over the path safely, and that he knew of the excavation and of the thinness of the concrete, but not showing that he knew or even suspected the insecure condition of the bank under the concrete.

APPEAL from an order of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

This is an action for personal injury begun in the civil court of Milwaukee county. At the close of the evidence the court, upon motion of the defendant, directed a verdict in its favor on the ground that the evidence showed as a matter of law that plaintiff was guilty of contributory negligence. Plaintiff's counsel moved to reopen the case for the admission of further testimony to show that plaintiff was unable to see clearly without his glasses, and that at the time of his injury he was not wearing his glasses, and to clear up certain ambiguity as to how the accident really happened. The motion was denied. Afterwards the civil court, upon motion of plaintiff, set aside the verdict and granted a new trial. Upon appeal to the circuit court, and after a hearing therein, it entered an order affirming the order of the civil court granting a new trial. From such order of the circuit court the defendant appealed.

For the appellant there was a brief by *Doe, Ballhorn &*

*Wilkie,* and oral argument by *Harold M. Wilkie* and *J. B. Doe.*

For the respondent there was a brief by *Cochems & Wolfe* and *P. C. Kolinski,* and oral argument by *H. O. Wolfe.*

VINJE, J.   The defendant concedes there is evidence sufficient to go to the jury as to negligence on its part, but it claims that the evidence conclusively shows contributory negligence on the part of the plaintiff and therefore the court erred in setting aside the verdict and granting a new trial. We shall assume that the civil court did not grant a new trial on the ground that it erred in not reopening the case, but that the new trial was granted because contributory negligence was a jury question.

Plaintiff, who was a carpenter about fifty-two years of age, in the course of his employment at about 2 o'clock on the day of the accident passed in a northerly direction through the engine room, where construction work was being carried on.   The path along which he walked was one that had been commonly used by the employees for some time past.   It was two feet wide and was constructed of a thin coating of concrete laid on ashes.   It passed between a pump on one side and an excavation on the other.   The side of the path next to the excavation was about five inches lower than the other side.   The excavation was dug some three weeks or more before the accident and plaintiff knew it was there, and since it was made had walked along the path eight or ten times before he was hurt.   Plaintiff's evidence shows that the excavation was about nine or ten feet long, five or five and one-half feet wide, and three feet deep.   Defendant says it was seven feet long, three feet wide, and eighteen inches deep.   Both agree that it came close to the edge of the path. On the day of the accident loose boards from a concrete form that had been taken down lay scattered along the path, and plaintiff testified that as he came along the path opposite the

excavation he stepped on a piece of board that was lying there and the bank and dirt caved away and he slipped off the board backward into the hole, and sustained the injuries complained of. There is no evidence contradicting his statement as to how he fell into the excavation.

The gist of defendant's argument is that since plaintiff knew of the existence of the excavation and its location with reference to the path; knew that the latter was covered with only a thin coating of concrete and saw the boards scattered about, he was aware of the defect that caused his fall, and having failed to show that his attention was in any way excusably diverted he must be presumed to have remembered the defect and to have been negligent in being injured by it. Numerous Wisconsin cases beginning with *Devine v. Fond du Lac,* 113 Wis. 61, 88 N. W. 913, and ending with *Robinson v. Oconto,* 154 Wis. 64, 142 N. W. 125, are cited to sustain the proposition stated. If the case came squarely within the principle announced the granting of a new trial could perhaps be sustained, if at all, only upon the ground that we could not say there was a clear abuse of discretion under all the circumstances disclosed by the record, including the refusal of the request to reopen the case for further testimony. But we think the case is one that does not fall under the principle applicable to a known defect. It is true plaintiff knew of the excavation, of the thinness of the concrete, and of the loose boards scattered about. But it does not appear that he knew of or even suspected the insecure condition of the bank under the concrete. That is what caused him to fall. He says "the bank caved away and the dirt" and he fell. There is nothing in the evidence to charge him with knowledge of the condition of the bank at the place it caved in. In walking along the path he could not very well see the face of the bank that caved in, as it was almost directly underneath him. For weeks previously he had walked over the same path safely and had seen others do so. The con-

crete with the earth firm underneath, though thin, had sustained their weight. From anything that appears in the evidence he had no reason to believe that it would not do so at the time of his injury. His stepping upon a board could not be said to contribute to the result, for that served to distribute his weight over a greater area and hence lessen the pressure directly under his foot. Since the path was only two feet wide it did not permit him to keep any distance away from the excavation. He must come quite close to it or else not use the path at all. Just where on the path he walked does not appear. But with the obstruction of a pump on one side of a two-foot path and an excavation on the other it is clear he had no wide latitude of choice. ˙Hence it is not easy to perceive how a recollection of all the defects existing, even if known to him, would have enabled him with the greatest amount of care to proceed more safely than he did. *Zoellner v. Fond du Lac,* 147 Wis. 300, 306, 133 N. W. 35. Whether he was negligent in using the path at all is a jury question. *Fuhrmann v. Coddington E. Co.* 156 Wis. 650, 146 N. W. 796. Under these circumstances it cannot be held as a matter of law that plaintiff was negligent in walking along the path as he did, and the court properly set aside the verdict and granted a new trial.

*By the Court.*—Order affirmed.