KENNEDY-INGALLS CORPORATION, Plaintiff and Respondent,
v. MEISSNER and another, Defendants and Respondents:
A. O. SMITH CORPORATION, Intervenor and Appellant.*

*September 10—October 7, 1958.*

* Motion for rehearing denied, with $25 costs, on December 2, 1958.

For the appellant there was a brief by *Porter, Johnson, Quale & Porter,* attorneys, and *James N. Johnson* and *Irving W. Zirbel* of counsel, all of Milwaukee, and oral argument by *Mr. Zirbel.*

For the respondents there was a brief by *Whyte, Hirschboeck, Minahan, Harding & Harland,* attorneys, and *Victor M. Harding* and *Martin R. Browning* of counsel, all of Milwaukee, for the plaintiff-respondent Kennedy-Ingalls Corporation, and by *Michael Klein* and *Rosenbaum & Rosenbaum,* attorneys, and *Arnold, Philipp & Murray* of counsel, all of Milwaukee, for the defendants-respondents Roland E. Meissner and Associated Sales & Bag Company, and oral argument by *Mr. Harding, Mr. Klein,* and *Mr. Suel O. Arnold.*

CURRIE, J. The two questions presented on this appeal are:

(1) Do the facts as pleaded in Smith's proposed complaint and in Kennedy-Ingalls' amended complaint establish that

Smith has been subrogated to part of Kennedy-Ingalls' cause of action against the defendants?

(2) If the foregoing question be answered in the affirmative, is Smith entitled as a matter of right, and not discretion, to intervene in the action instituted by Kennedy-Ingalls against the defendants?

In passing on the issue of subrogation, which Smith contends arose out of the compromise settlement of the prior James action, it is necessary to analyze the rights and liabilities of the various parties as they existed immediately prior to such settlement. In so doing we will assume as verities the material facts pleaded in Smith's proposed complaint and Kennedy-Ingalls' amended complaint. The defendants have placed in issue certain of those facts, but the resolving of such disputed issues is a matter to be disposed of by trial on the merits, and not on the motion now before the court.

As of the time such compromise settlement was made, Kennedy-Ingalls had a cause of action for breach of warranty against the defendants for any damages that Kennedy-Ingalls was liable to pay to both James and Smith arising out of the purchase of the aprons by Kennedy-Ingalls from the defendants and their resale to Smith and use by the latter and its employee James. Kennedy-Ingalls' liability to Smith was already definitely established at $17,527.49 but the amount of Kennedy-Ingalls' liability to James had not been liquidated by trial. However, the fact that at this particular time it may have been difficult to establish in dollars and cents the amount of such liability is immaterial. *Cohan v. Associated Fur Farms* (1952), 261 Wis. 584, 597, 53 N. W. (2d) 788.

Therefore, when Smith released its claim of $17,527.49 against Kennedy-Ingalls, Smith was discharging a portion of the defendants' liability. In considering the question of whether Smith thereby became subrogated to a portion of Kennedy-Ingalls' cause of action against the defendants,

we can perceive no distinction in principle between the case of where a third party discharges the liability of another by payment and one where such liability is discharged through a release of a valid claim. In both situations the party ultimately liable is relieved of a liability which such party in good conscience ought to pay unless subrogation be invoked.

The Restatement makes no distinction in such a situation between discharge through payment and discharge through release of a legitimate claim. We quote from Restatement, Restitution, p. 12, sec. 1, comment *b*, as follows:

"A person confers a benefit upon another if he gives to the other possession of or some other interest in money, land, chattels, or choses in action, performs services beneficial to or at the request of the other, *satisfies a debt or a duty of the other*, or in anyway adds to the other's security or advantage. He confers a benefit not only where he adds to the property of another, but also where he saves the other from expense or *loss*." (Emphasis supplied.)

Subrogation is a principle invoked by the law to avoid unjust enrichment. This is borne out by Restatement, Restitution, p. 653, sec. 162, where it is stated:

"Where property of one person is used in discharging an obligation owed by another or a lien upon the property of another, under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee or lien holder."

Under the principles enunciated in the Restatement it is apparent that the defendants would be unjustly enriched to the extent of $17,527.49 by reason of Smith releasing Kennedy-Ingalls from Smith's claim for reimbursement in such amount if Smith be held not to be subrogated to part of Kennedy-Ingalls' cause of action. To grant such right of subrogation would in no way injure Kennedy-Ingalls, while to deny the same would unjustly benefit the defendants.

The Michigan court in *Stroh v. O'Hearn* (1913), 176 Mich. 164, 177, 142 N. W. 865, 869, declared:

"Subrogation is an equitable doctrine depending upon no contract or privity, and proper to apply whenever persons other than mere volunteers pay a debt or demand which in equity and good conscience should have been satisfied by another. It is proper in all cases to allow it where injustice would follow its denial, and in allowing it all injustice should be guarded against so far as possible."

Under the allegations of Smith's proposed complaint Smith was not a mere volunteer when it released its claim against Kennedy-Ingalls. This is because of the allegation that it did so as a direct result of Kennedy-Ingalls' attempt to hold Smith liable for any damages James might recover against Kennedy-Ingalls. As to this we deem the holding of this court in the recent case of *Rusch v. Korth* (1957), 2 Wis. (2d) 321, 86 N. W. (2d) 464, to be in point. In that case this court held that, where one of two drivers participating in an automobile collision was sued by a passenger in one of such vehicles and made payment to the plaintiff in settlement of the latter's claim, the party making the payment was not a volunteer, even though a jury later found such party was entirely free from negligence. In that case the recovery of the driver making the settlement from the other driver, who was found negligent, was limited to one half the amount paid on the theory of contribution because that was the extent of the relief sought. However, the opinion expressly stated that, because only contribution and not full indemnity was prayed for, the court was not passing on the issue of whether the settling party might not have been entitled to complete indemnity from the wrongdoer if such relief had been requested.

Restatement, Restitution, p. 290, sec. 71 (2), lays down the principle that one who pays the liability of another in

response to the threat of civil suit is not a volunteer if the payor acted to avoid trouble and expense.

It is our considered judgment that Smith by reason of the satisfaction of its claim against Kennedy-Ingalls under the facts stated became subrogated to a portion of the latter's cause of action against the defendants.

One of the objections raised upon Smith's motion to intervene was the claim that Smith released Kennedy-Ingalls at the time of the compromise settlement of the James tort action in return for Kennedy-Ingalls releasing certain employees of Smith against whom Kennedy-Ingalls might have a cause of action for contribution. It is argued that if Kennedy-Ingalls had a valid and collectible claim for contribution against such employees and had realized thereon, its recoverable damages against the defendants would thereby have been reduced. Therefore, it is urged that it would be inequitable to permit Smith to take advantage of the releases obtained at the time of settlement of the James action by permitting it to intervene in the present suit upon the theory of subrogation. While Smith's release of Kennedy-Ingalls may be conclusive as between Smith and Kennedy-Ingalls on the issue of whether Smith's employees were negligent so as to give Kennedy-Ingalls a remedy of contribution against them, such release is not so conclusive as between Smith and the defendants. In this respect a release of liability stands in no different light than a payment for a release such as occurred in *Rusch v. Korth, supra.*

The tort-liability issue is still open to the defendants to raise by answer to Smith's proposed complaint, and must be decided independently of the releases executed in settlement of the James action. If, for example, it should be determined that James' injury was due to negligence of fellow employees, as well as defects in the apron worn, and, therefore, Kennedy-Ingalls may have yielded up a valuable right of contribution in the settlement of the James action which

would have inured to the defendants' benefit, it may be determined that Smith should be denied subrogation. The holding herein that a showing of subrogation has been made by Smith's proposed complaint will not be conclusive on this issue when the same is later litigated on the merits.

The motion for intervention must be decided upon the facts set forth in Kennedy-Ingalls' complaint and Smith's proposed complaint. Those facts establish a right of subrogation.

It was the determination of the learned trial court expressed in its memorandum opinion that, regardless of whether or not such right of subrogation existed, it still lay within the court's discretion to grant or deny the Smith's motion for intervention. Counsel for both Kennedy-Ingalls and the defendants strenuously urge that this is a proper interpretation of our interpleader statute, sec. 260.19 (1),[1] and contend that this court cannot reverse the order denying intervention unless it is found that the trial court abused its discretion. As authority to sustain such position, counsel cite *White House Milk Co. v. Thomson* (1957), 275 Wis. 243, 81 N. W. (2d) 725; and *Fish Creek Park Co. v. Bayside* (1956), 273 Wis. 89, 76 N. W. (2d) 557.

These two last-cited cases enunciate the general rule long followed by this court that it lies within the discretion of the trial court to permit persons, who are proper but not necessary parties to a pending action, to intervene therein. However, a plain reading of sec. 260.19 (1), Stats., makes it readily apparent that there is a limitation to such rule and

[1] Sec. 260.19 (1). "When a complete determination of the controversy in court cannot be had without the presence of other parties, or when persons not parties have such interests in the subject matter of the controversy as require them to be parties for their protection, the court shall order them brought in; and when in an action for the recovery of property a person not a party has an interest therein and makes application to the court to be made a party it may order him brought in."

that it does not apply to a situation where parties seeking intervention *"have such interests in the subject matter of the controversy as require them to be parties for their protection."* In such a case the statute makes it mandatory that they be permitted to intervene. This statutory wording was duly considered in the *White House Milk Co. Case,* and, in view thereof, it was held that, in order for the Pure Milk Products Co-operative to be entitled to intervene as a matter of right and not of the court's discretion, it was necessary for it to establish that it had some right to be protected in the pending action which was not already being protected.

In the sense that it is not necessary that Smith be made a party in order for the trial court to adjudicate the issues raised by the Kennedy-Ingalls' amended complaint and the answers of the two defendants, Smith is not a necessary party to the action. However, it is absolutely essential for the protection of its own interests that it be made a party. This is because the present suit by Kennedy-Ingalls against the defendants will be a complete bar to any subsequent action for breach of warranty by Smith to recover against the defendants. Smith cannot institute such an action in its own right because of the lack of privity between it and the defendants. If it is to prevail in such an action, it must establish its right to stand in the shoes of Kennedy-Ingalls as a result of having been subrogated to a portion of the latter's cause of action. However, the authorities clearly establish that such a cause of action for breach of warranty cannot be split and litigated piecemeal.

This was expressly held in *Cohan v. Associated Fur Farms, supra.* In that case Associated Fur Farms, Inc., was engaged in the business of raising mink and selling mink food to other mink raisers. Associated bought a quantity of contaminated pork livers from Armour & Company. Part of these livers Associated fed to its own mink and part it resold to the plaintiff Cohan. Both Associated and Cohan

sustained a loss as a result of mink dying which had eaten such contaminated food. Cohan commenced suit against Associated to recover his damages and Associated interpleaded Armour. Associated then cross-complained against Armour setting up a cause of action for breach of warranty and sought to recover from Armour any damages Associated might be required to pay Cohan. Armour pleaded as a defense to such cross complaint the fact that Associated had previously instituted an action against Armour in the federal district court in which Associated had secured judgment for the damages sustained as a result of the loss of its own mink. Armour moved for summary judgment dismissing the cross complaint on the ground that such federal court judgment was *res adjudicata*. In holding that such federal court judgment was *res adjudicata* this court quoted with approval the following statement appearing in 2 Freeman, Judgments (5th ed.), p. 1255, sec. 596:

"That a single or entire demand cannot be split so as to constitute the basis of more than one suit, and that the recovery upon any part of such demand merges the whole and bars another action for the remainder, is not disputed, . . ."

For authority from other jurisdictions holding that a single cause of action cannot be split so as to permit piecemeal litigation of the same, see *First Nat. Bank v. Schruben* (1928), 125 Kan. 417, 265 Pac. 53, and *Vasu v. Kohlers* (1945), 145 Ohio St. 321, 61 N. E. (2d) 707, 166 A. L. R. 855.

This court in *Patitucci v. Gerhardt* (1932), 206 Wis. 358, 240 N. W. 385, held that an insurance company, which had issued a policy of collision insurance upon an automobile and pursuant thereto had paid to the plaintiff car owner all of a collision loss in excess of $75, was subrogated by operation of law to part of such owner's cause of action against the defendant tort-feasor whose act had caused such loss. It was further held therein that the cause of action against such

tort-feasor to recover for the loss was indivisible and, therefore, the insurance company was an indispensable party to the action under the provisions of sec. 260.19, Stats.

We deem that the holdings in *Cohan v. Associated Fur Farms, supra,* and *Patitucci v. Gerhardt* made it mandatory upon the trial court to grant Smith's motion for intervention. The fact that Smith delayed for many months in making such motion is entirely immaterial. As pointed ·out in the opinion in the *Patitucci Case,* it would have been the duty of the trial court to have interpleaded Smith as a party as soon as the facts giving rise to the subrogation had been brought to the attention of the court without any motion on Smith's part.

Counsel for Kennedy-Ingalls and for the defendants also contend that Smith's rights would be fully protected if it had instituted a tort action against the defendants grounded upon negligence to recover the amount it had disbursed for hospital and medical expenses and for workmen's compensation. We do not consider that it was incumbent upon the trial court to determine the relative advantages and disadvantages from Smith's standpoint of the two types of action, one to recover on warranty and the other to recover in tort on negligence. Smith had a right to insist upon pursuing the remedy grounded upon subrogation, if it deemed this afforded it the better chance of recovery. The defendants as the wrongdoers surely had no right to control Smith's choice of remedy. Kennedy-Ingalls, having initially benefited from Smith's release to it, should also be precluded from urging the court to so rule on Smith's motion as to destroy Smith's right of subrogation arising from such release.

*By the Court.*—Order reversed, and cause remanded with directions to grant the motion of A. O. Smith Corporation to intervene and serve its proposed complaint.

MARTIN, C. J., took no part.

FAIRCHILD, J. (*dissenting*). Assuming that Kennedy-Ingalls was negligent as alleged by James, James' injury gave rise to a cause of action against Kennedy-Ingalls. Smith owned a portion of the cause of action and James owned the balance. James' complaint sought recovery of $100,000. Kennedy-Ingalls asserted a right to recoup from Smith because of its fault, and it was also claimed that coemployees of James were negligent. Kennedy-Ingalls' liability was compromised at $17,500, all payable to James. Smith gave up any right to receive money, but in turn obtained a release from any claim for reimbursement of Kennedy-Ingalls. Smith's other employees were released from alleged liability. If that claim of liability were well grounded, they would be liable to Kennedy-Ingalls for contribution. In my opinion the compromise settlement determined the net amount recoverable by James and Smith from Kennedy-Ingalls, after allowing for possible recovery by Kennedy-Ingalls from Smith and its other employees. The liability of Kennedy-Ingalls determined by the settlement (plus justified expense) would be the amount recoverable by Kennedy-Ingalls from defendant Meissner. Meissner has not been unjustly enriched as a result of the compromise settlement made by Kennedy-Ingalls. I would affirm the order of the trial court.