PERKINS, Plaintiff, v. WORZALA and others, Defendants and Appellants: PREFERRED RISK MUTUAL INSURANCE COMPANY and another, Impleaded Defendants and Respondents.

*June 8—July 1, 1966.*

636

For the appellants there were briefs by *Kivett & Kasdorf*, attorneys, and *Nonald J. Lewis* and *Werner E. Scherr* of counsel, all of Milwaukee, and oral argument by *Mr. Lewis*.

For the respondents there was a brief by *Kluwin, Dunphy, Hankin & Hayes* of Milwaukee, and oral argument by *Gerald T. Hayes*.

WILKIE, J.   The sole issue presented on this appeal is whether a complaint which alleges that an insurer has made a settlement payment to a nonparty on behalf of its insured-defendant and asks for contribution from other codefendants in case joint liability is found to exist, can also state an alternative cause of action for indemnity of the payment by the insured-defendant in the event the said insured-defendant is found to be free of negligence.

Appellant admits, at the outset, that the word "indemnification" in the cross complaint may not be strictly appropriate and would have this court consider the prayer

to actually be for subrogation. Since subrogation gives indemnity,[1] this error in terminology is not fatal if the allegations of the cross complaint do state a cause of action in subrogation.

The trial court felt that no cause of action existed because:

"The demurrer is sustained for the reason that Wisconsin closely follows the laws of contribution between *joint tort-feasors* and not the theory of indemnification as proposed by the defendants in the third party complaint." (Emphasis added.)

But appellant American Casualty does not ask for indemnification or subrogation in the event its insured is ultimately determined to be a joint tort-feasor; only contribution is sought in such instance. Rather, appellant desires indemnification for the amount it paid Woodards only if the trier of fact finds respondent Duhart to be 100 percent negligent. Thus it would appear that the trial court misconstrued the nature of the relief requested by appellant.

Subrogation is an equitable doctrine, not dependent upon contract or privity, which is available when someone other than a mere volunteer pays a debt or demand which should have been satisfied by another.[2] The purpose of the doctrine is to avoid unjust enrichment.[3] On the basis of the pleadings these criteria are satisfied in the present case. Appellant American Casualty did not act as a mere volunteer in making the settlement with

[1] *D'Angelo v. Cornell Paperboard Products Co.* (1963), 19 Wis. (2d) 390, 401, 402, 120 N. W. (2d) 70.

[2] *Lee v. Threshermen's Mut. Ins. Co.* (1965), 26 Wis. (2d) 361, 363, 132 N. W. (2d) 534; *D'Angelo v. Cornell Paperboard Products Co.*, *supra*, footnote 1, at page 399; *Kennedy-Ingalls Corp. v. Meissner* (1958), 5 Wis. (2d) 100, 105, 92 N. W. (2d) 247.

[3] *Lee v. Threshermen's Mut. Ins. Co.*, *supra*, footnote 2, at page 365; *Kennedy-Ingalls Corp. v. Meissner*, *supra*, footnote 2, at page 105.

Woodards since appellant was potentially liable to him.[4] And respondents would be unjustly enriched if appellant could not recover its payment to Woodards should Duhart be found to be 100 percent negligent.

*Rusch v. Korth* [5] involved a similar factual situation. There the plaintiff sued one defendant and her insurer who, in turn, impleaded a second defendant and his insurer, and cross-complained for contribution should both individual defendants be found negligent. Before the trial, the first defendant and her insurer settled with the plaintiff and obtained a release. After a trial on the liability issue, the jury found the negligence of the second defendant to be the sole and proximate cause of the accident and injuries. On appeal this court allowed the first defendant (and insurer) contribution from the second defendant (and insurer). Because the cross complaint only asked for contribution, the court specifically refused to pass on the question of whether the first defendant would have been entitled to indemnity from the second.[6]

Later cases have recognized that *Korth* "stands as an anomaly in the law" [7] as a contribution case for the reason that the first defendant was not negligent and, therefore, no common liability to the plaintiff could exist. It was explained that while an action in contribution would not lie, the facts of *Korth* would give rise to an equitable action in subrogation.[8] Thus the cross com-

[4] *Kennedy-Ingalls Corp. v. Meissner, supra,* footnote 2, at page 106; *Rusch v. Korth* (1957), 2 Wis. (2d) 321, 325, 86 N. W. (2d) 464.

[5] *Supra,* footnote 4.

[6] *Rusch v. Korth, supra,* footnote 4, at page 330.

[7] *Farmers Mut. Automobile Ins. Co. v. Milwaukee Automobile Ins. Co.* (1959), 8 Wis. (2d) 512, 517, 99 N. W. (2d) 746. See also *Bauman v. Gilbertson* (1959), 7 Wis. (2d) 467, 470, 96 N. W. (2d) 854, and *Kennedy-Ingalls Corp. v. Meissner, supra,* footnote 2.

[8] *Farmers Mut. Automobile Ins. Co. v. Milwaukee Automobile Ins. Co., supra,* footnote 7, at pages 518, 519; *Bauman v. Gilbertson, supra,* footnote 7, at page 470; *Kennedy-Ingalls Corp. v. Meissner, supra,* footnote 2, at page 106.

plaint in the present case states a cause of action in subrogation under *Korth* as subsequently interpreted. This result gives the required liberal interpretation to the complaint and at the same time is consistent with the announced objective of the law to give the remedy of subrogation liberal application.[9]

It is undisputed that respondents were not notified of the settlement with the nonparty Woodards. The ostensible reason for the lack of notification is that prior to *Wilcox v. Wilcox*,[10] which was decided after the settlement, appellants would have had no claim against respondents. While not expressly explaining their position, respondents hint that this fact somehow operates to defeat appellants' action in subrogation. But it is incongruous to concede that contribution is available and yet maintain that subrogation would not be. This is because respondents would be affected by any unreasonable settlement in either event. At any rate, if they desire, respondents will have the opportunity at the trial to prove that the settlement was unreasonable. Furthermore, it is not necessary, in order to maintain an action based on subrogation, that the person receiving the settlement be a party to the suit between the insurers, nor need the second insurer be aware of the settlement.[11]

*By the Court.*—Order reversed.

[9] *D'Angelo v. Cornell Paperboard Products Co., supra*, footnote 1, at page 402.

[10] (1965), 26 Wis. (2d) 617, 133 N. W. (2d) 408.

[11] See the facts in *Farmers Mut. Automobile Ins. Co. v. Milwaukee Automobile Ins. Co., supra*, footnote 7.