Perri R. VOGE, Plaintiff-Respondent,

v.

Howard B. ANDERSON and Illinois Farmers Insurance Company, Defendants-Appellants-Petitioners,

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant.

Supreme Court

*No. 92–0384. Oral argument November 30, 1993.—Decided March 2, 1994.*

(Also reported in 512 N.W.2d 749.)

For the defendants-appellants-petitioners there were briefs by *Robert D. Johns, Jr.* and *Johns & Flaherty, S.C.*, LaCrosse and oral argument by *Robert D. Johns, Jr.*

For the plaintiff-respondent there was a brief by *Joel W. Brodd, Matthew A. Biegert* and *Doar, Drill &*

*Skow, S.C.,* New Richmond and oral argument by *Matthew A. Biegert.*

WILLIAM A. BABLITCH, J. Howard B. Anderson (Anderson) and his automobile liability insurer, Illinois Farmers Insurance Company (Illinois Farmers) seek review. They argue that the amount of the judgment against them for Perri R. Voge's (Voge) injuries should be reduced by the amount of the underinsured motorist (UIM) benefits and no-fault medical payments made to Voge by his underinsurance carrier American Family Mutual Insurance Company (American Family). We conclude that when American Family advanced UIM benefits to Voge, it waived its rights to pursue subrogation. Voge still possessed the right to recover for such damages after American Family's payment to him. Therefore, the collateral source rule is applicable and Anderson and Illinois Farmers are not entitled to a reduction in the judgment for the UIM benefits. Accordingly, we affirm the court of appeals in that respect. We reverse the court of appeals, however, with respect to the no-fault medical payments. The record indicates that American Family made the payments to Voge and then, as subrogee, recovered the amount an arbitrator determined it was entitled to from Illinois Farmers. Since Voge never possessed the right to recover such expenses after payment by American Family, Illinois Farmers is entitled to a reduction in an amount equal to the medical expenses awarded by the jury.

The relevant facts are these: On April 11, 1986, Voge was injured in an automobile accident with

Anderson.[1] Voge brought suit against Anderson and his automobile liability insurer, Illinois Farmers, and a jury trial commenced on May 21, 1990. The jury found Voge 15 percent causally negligent and Anderson 85 percent causally negligent and awarded Voge $273,168.58 in damages.

On July 19, 1990, American Family paid $150,000 to Voge on three UIM policies of $50,000 each. American Family's policy contained an express subrogation clause which read:

> **Our recovery rights.** If we pay under this policy, **we** are entitled to all the rights of recovery of the person to whom payment was made against another.

However, American Family then waived any subrogation rights it had to seek reimbursement from Anderson and Illinois Farmers. The parties stipulated to the existence of the waiver:

> Pursuant to the payment of One hundred fifty thousand and 00/100ths ($150,000.00) Dollars in underinsured motorist benefits, American Family Mutual Ins. Co. waived any and all subrogation rights which it may have had to seek reimbursement from Howard B. Anderson and/or Illinois Farmers Ins. Co. on behalf of the payments they had made to Perri Voge.

---

[1] Anderson was insured by Illinois Farmers and had liability limits of $50,000 for bodily injury and $25,000 for property damage. For reasons unexplained in the record, Illinois Farmers tendered $144,271.55 to Voge after the Amended Judgment was filed. Further, Illinois Farmers stated at oral argument that if a reduction in judgment was denied by this court, Illinois Farmers would also pay for all remaining damages.

Although American Family did not participate in the litigation, it had previously been named as a defendant because prior to litigation it had made no-fault medical payments in the amount of $5,895.75 and had refused to waive its rights to subrogation for that amount. However, in its Answer, American Family admitted to making the medical payments and alleged as an Affirmative Defense that it had recovered 70 percent of those payments from Illinois Farmers pursuant to an arbitration award, and that it would waive any right to subrogation for that amount. No claims were made against or by American Family in the subsequent action.

On October 8, 1990, the circuit court filed an Amended Judgment against Anderson for $298,398.58 and against Illinois Farmers for $83,304.80. Illinois Farmers and Anderson asserted, however, that they were entitled to a reduction in judgment in the amount of $150,000 for the UIM benefits paid by American Family and for the earlier no-fault medical payments paid by Illinois Farmers to American Family.

At a hearing on the issue the circuit court held that Illinois Farmers and Anderson were not entitled to a reduction for either the UIM benefits or the no-fault medical payments. In doing so, the court relied on the court of appeals' decision in *Anderson v. Garber,* 160 Wis. 2d 389, 466 N.W.2d 221 (Ct. App. 1991), finding that American Family waived its rights to subrogation, and thus the collateral source rule was applicable.

In a per curiam decision, the court of appeals affirmed. The court found that American Family waived its right to subrogation, and like the circuit court it applied *Anderson v. Garber* and held the collateral source rule applicable.

In determining whether Illinois Farmers and Anderson are entitled to a reduction in judgment for an amount equal to the UIM benefits, we first address American Family's status at the time it made its payment of UIM benefits. Voge contends that American Family was a volunteer when it advanced payment of benefits, and that under the collateral source rule such payment should not affect Illinois Farmers' and Anderson's liability.

We do not adopt Voge's characterization of American Family as a volunteer. In *Jindra v. Diederich Flooring,* 181 Wis. 2d 579, 607, 511 N.W.2d 855 (1994), we recently expressed our concern with the assertion that an insurer is a volunteer if it has " 'no legal duty to pay at the time payment [is] made . . . .' " We stated that such assertion was potentially misleading, and we cited to past Wisconsin Supreme Court decisions in which this court has held that "an insurer making payment was not a volunteer if it was potentially liable for the obligation, *Id.* (citing, *Perkins v. Worzala,* 31 Wis. 2d 634, 637–639, 143 N.W.2d 516 (1966) (emphasis omitted)), even though a jury later found that the payor was entirely free of negligence," *Id.* (citing, *Kennedy-Ingalls Corp. v. Meissner,* 5 Wis. 2d 100, 106–107, 92 N.W.2d 247 (1958)). Because American Family, as underinsurer, was potentially liable for the amount of Voge's damages which exceeded Anderson's liability insurance, we do not characterize it as a volunteer.

We rely instead on the waiver by American Family and find that upon payment American Family waived all subrogation rights available to it, by way of the express subrogation clause in its policy, in favor of Voge. We note that waiver is an option available to an insurer who pays its insured under a policy. *See Jin-*

*dra,* 181 Wis. 2d at 579; *Leonard v. Bottomley,* 210 Wis. 411, 417, 245 N.W. 849 (1933). Although Illinois Farmers and Anderson stipulated to the existence of a waiver, they argue that American Family's waiver of subrogation was ineffective because the rights which American Family could normally waive under subrogation were barred by the statute of limitations. They rely on *Lambert v. Wrensch,* 135 Wis. 2d 105, 399 N.W.2d 369 (1987), which holds that in such a situation where the insurer is barred from pursuing a claim, the tortfeasor is entitled to a reduction in judgment for the amount of that claim.

This argument would be persuasive had American Family, like the insurer in *Lambert,* become subrogated prior to the running of the statute of limitations and then failed to pursue such subrogation. We find this argument unpersuasive, however, under the facts before us as it is premised upon the erroneous assumption that Voge, who initiated his action within the limitations period, no longer possessed that portion ($150,000) of the claim at the time of judgment. Assignment of a claim by means of subrogation is not automatic. The party that wants to impose subrogation has the burden of proving it. *See Jindra,* 181 Wis. 2d at 579. Illinois Farmers and Anderson have not done so in this case. Rather, American Family explicitly waived its rights to subrogation and thus never possessed the right to recover the UIM benefits; the claim to recover such damages remained at all times with Voge.

In light of this, we hold the collateral source rule applicable. The collateral source rule does not allow a tortfeasor to reduce his or her liability for personal injury by benefits that the injured person receives from one acting on the tortfeasor's behalf. Rather, the collat-

eral source rule requires that the tortfeasor be held responsible for his conduct by requiring the tortfeasor to compensate the injured party the full amount of damages.

We recognize that the results in this case allow the injured party a double recovery. However, a contrary conclusion would result in giving the tortfeasor a windfall: the tortfeasor would not have to pay the full amount of damages he would owe even after taking into account the amount of contributory negligence. Since Voge's recovery from American Family stemmed from his own actions of obtaining underinsurance and paying the premium for it, the better result is to allow Voge to recover that windfall, not Illinois Farmers and Anderson. Any windfall in benefits should inure to the injured party, not to the tortfeasor.

Therefore, we affirm the court of appeals and hold that Illinois Farmers and Anderson are not entitled to a reduction in the judgment for the UIM benefits.

Finally, we review the court of appeals' conclusion that Illinois Farmers and Anderson are not entitled to a reduction in judgment for the earlier no-fault medical payments made by American Family. In its Answer, American Family alleged that it had made those payments to Voge under an automobile insurance policy and then elected to become a subrogated insurer. As subrogee, American Family possessed the right to recover the medical payments. Also in its Answer, American Family alleged as an Affirmative Defense that it had recovered 70 percent of the medical payment from Illinois Farmers pursuant to an arbitration award. Although American Family stated in its Answer that it would waive any rights to subrogation for the medical payments, it had already pursued those

733

rights and recovered the amount it was entitled to recover from Illinois Farmers. Unlike the UIM benefits, then, the right to recover the medical payments was never possessed by Voge. Thus, Voge is not entitled to recover for such expenses. Therefore, we conclude that Illinois Farmers is entitled to a reduction in an amount equal to the medical expenses awarded by the jury.

*By the Court.*—The decision of the court of appeals is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

STEINMETZ, J. *(concurring)*. I concur with the result reached by the majority. However, in coming to the appropriate conclusion, the majority ignores the clear holding in *Heifetz v. Johnson,* 61 Wis. 2d 111, 211 N.W.2d 834 (1973), and instead relies on this court's recent decision in *Jindra v. Diederich Flooring,* 181 Wis. 2d 579, 511 N.W.2d 855 (1994). According to the majority, "[a]ssignment of a claim by means of subrogation is not automatic. The party that wants to impose subrogation has the burden of proving it."

In *Heifetz,* 61 Wis. 2d at 124, this court made it clear that assignment of a claim by means of subrogation is in fact automatic. "Acceptance of payment from an insurer operates as an assignment of the claim . . . ." *Id.* This holding in *Heifetz* has never previously been challenged as it applies to indemnity insurance contracts.

In this case, I would find that a claim for $150,000 was automatically assigned to American Family when Voge accepted American Family's UIM payment. I agree with the remainder of the majority's analysis. Following this automatic assignment, American Fam-

ily expressly waived this claim or assigned it back to Voge, as it has the right to do under *Leonard v. Bottomley,* 210 Wis. 411, 417, 245 N.W. 849 (1933). The parties stipulated to the existence of the waiver. Because of this waiver, the collateral source rule applies and Voge is entitled to keep this double recovery.

I am authorized to state that JUSTICE JON P. WILCOX joins this concurring opinion.